```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

```
AEROSPACE PRODUCTS             )
INTERNATIONAL, INC.            )
                               )
     Plaintiff,                )
                               )
v.                             )   No. 06-2771
                               )
FWF, Inc. and                  )
DONALD N. TARANTO,             )
                               )
     Defendants.               )
```
_____

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR RELIEF FROM SCHEDULING ORDER
_____

Before the court is a Motion for Leave to Amend Complaint and for Relief from Scheduling Order filed by Plaintiff Aerospace Products International, Inc. ("API"). (D.E. 67, 76.) For the reasons below, the motion is GRANTED.

### I.  BACKGROUND

The original complaint in this case was filed on November 9, 2006, by plaintiff API against defendant FWF, Inc. ("FWF"). In the complaint, API alleged that in March of 2004, it executed a credit application with FWF for the purchase of goods and materials on credit, that FWF received such goods and materials, and that subsequently FWF failed to make its payments, totaling $449,837.00 in outstanding debt. API sued FWF for breach of contract pursuant to the credit agreement, and also under a theory of quantum meruit,

on the grounds that FWF would be unjustly enriched if allowed to retain the goods and materials without full payment.

On December 20, 2006, API filed an amended complaint in which Donald N. Taranto was added as an additional defendant in the litigation.  API alleged that at all times relevant, Taranto served as the founder, owner, and president of FWF.  API further alleged that on January 5, 2005, Taranto executed a personal guarantee, taking on full joint and several liability for FWF's debts to API.

In the present motion, as modified by its April 17, 2009 reply brief, API seeks leave of court to amend the complaint to add an additional claim for breach of fiduciary duty.

## II.   ANALYSIS

### A.   Good Cause Under Rule 16

Federal Rule of Civil Procedure 15 governs the amendment of pleadings, providing that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Rule 16 authorizes the court to enter a scheduling order limiting the time a party has to join parties, amend pleadings, file motions, and complete discovery.  Rule 16 provides that a scheduling order "shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b).  Addressing the interplay between these rules, the Sixth Circuit has held that "once a scheduling order's deadline passes, a party must first show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the

deadline before a court will consider whether the amendment is proper under Rule 15(a)." Hill v. Banks, 85 App'x 432, 433 (6th Cir. 2003) (citing Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003)).

Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee notes. In determining whether the moving party has shown good cause to modify the scheduling order, the court considers two factors: (1) the movant's diligence in attempting to meet the scheduling order's deadlines; and (2) the potential prejudice to the opposing party if the scheduling order is amended. Leary, 349 F.3d at 906.

The court finds that API has met the good cause standard to justify the filing of its motion to amend after the November 2007 deadline in the scheduling order. Recent developments in the law surrounding the breach of fiduciary duty claim provide API with a basis to seek a late amendment to the complaint. In addition, the court finds that defendants are not prejudiced by the late amendment, and the court will provide the parties with an opportunity to complete discovery on this new claim if necessary.

**B.   Breach of Fiduciary Duty**

Both Tennessee and Colorado recognize that officers and directors can owe a fiduciary duty to creditors. In Tennessee, the case of Sanford v. Waugh & Co., No. M2007-02528-COA-R3-CV, 2009 WL

1910957 (Tenn. Ct. App. June 30, 2009), found that officers and directors owe a fiduciary duty to creditors in cases of self-dealing or preferential treatment.  Id. at *13; see also In re Propex Inc., No. 08-10249, 2009 WL 562595 (E.D. Tenn. Mar. 5, 2009).  In Colorado, the case of Paratransit Risk Retention Group Insurance Co. v. Kamins, 160 P.3d 307 (Colo. Ct. App. 2007), found that officers and directors owe a fiduciary duty to creditors in cases of insolvency.  Id. at 319-20.  The Kamins court explained that "[d]irectors of an insolvent corporation are deemed to be trustees for the corporation and for its creditors, . . . and therefore, they owe fiduciary duty to creditors not to divest corporate property for personal benefit, to prefer themselves over other creditors, or to defeat a corporate creditor's claim."  Id. at 319-20.

### III.  CONCLUSION

For the reasons above, API's motion to amend complaint is GRANTED.  API shall file an amended complaint with allegations tailored to its new claim for breach of fiduciary duty, within five days from the date of this order.

If necessary, the parties may seek additional time to complete discovery on this new claim by filing a motion within twenty days from the date of this order.

IT IS SO ORDERED.

              s/ Tu M. Pham
              TU M. PHAM
              United States Magistrate Judge

              September 29, 2009
              Date